**SO ORDERED.**

**SIGNED this 16 day of February, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

DENISE SHARON HARGROVE

       Debtor.

CASE NO. 05-04037-5-JRL
CHAPTER 7

JOSEPH N. CALLAWAY, Chapter 7
Bankruptcy Trustee for the Bankruptcy
Estate of Denise Sharon Hargrove,

       Plaintiff,
       v.

DENISE SHARON HARGROVE,
BETTY HARGROVE HILLIARD, and
CHAVON ANTOINETTE HILLIARD

       Defendants.

ADVERSARY PROCEEDING
NO: 06-00038-5-JRL

JOSEPH N. CALLAWAY, Chapter 7
Bankruptcy Trustee for the Bankruptcy
Estate of Denise Sharon Hargrove,

       Plaintiff,
       v.

WALTER H. HARGROVE,
STATE EMPLOYEE'S CREDIT UNION, and
RUBEN FREEMAN

       Defendants.

ADVERSARY PROCEEDING
NO: 06-00095-5-JRL

_____

**ORDER**

This matter is before the court on the plaintiff's motion to consolidate the above-captioned adversary proceedings. On January 29, 2007, the court conducted a hearing in Raleigh, North Carolina.

Denise Sharon Hargrove filed Chapter 7 on May 19, 2005, and there are two adversary proceedings pending in her bankruptcy case. The first adversary proceeding is <u>Callaway v. Denise Sharon Hargrove, et al.</u> (06-00038-5-AP), filed on January 15, 2006 (the "38 Proceeding"), and the second is <u>Callaway v. Walter H. Hargrove, et al.</u> (06-00095-5-AP) filed on July 27, 2006 (the "95 Proceeding"). The plaintiff now seeks to consolidate the two adversary proceedings. The only party in opposition to the consolidation is Ruben Freeman, one of the defendants in the 95 Proceeding.

A court may consolidate legal actions where they involve "a common question of law or fact pending before the court[.]" Fed. R. Bankr. P. 7042. In making this determination, "the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits[.]" <u>In re Cree, Inc. Sec. Litig.</u>, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing <u>Arnold v. Eastern Airlines</u>, 681 F.2d 186, 193 (4th Cir. 1982).

The plaintiff asserts that the issues in both adversary proceedings arise from a series of related events and transfers that involve a common question of law and fact. In the 38 Proceeding the plaintiff alleges that the transfers made by Denise Hargrove, Betty Hilliard, and/or Chavon Hilliard to State Employee's Credit Union are avoidable, either as preference payments, fraudulent transfers, and/or post petition transfers. One of the defenses asserted by Betty and Chavon Hilliard, and State Employee's Credit Union relates to the 2002 Franklin County land transfers from Walter Hargrove to Denise Hargrove. It is the validity of those land transfers that is

at the core of the 95 Proceeding. Therefore, the court finds that a prevailing issue in both adversary proceedings is the validity of the 2002 Franklin County land transfers from Walter Hargrove to Denise Hargrove.

      Since the adversary proceedings have a common issue of law and fact, the court may consolidate the cases but it is not required to do so. The court should look at the possibility of inconsistent verdicts, the possibility of confusion, and the potential burden on the parties and the court in determining whether consolidation is appropriate. Ruben Freeman was involved as the notary in the 2002 Franklin County land transfers from Walter Hargrove to Denise Hargrove. As a result of that role two claims in the 95 Proceeding are asserted against Mr. Freeman, the first for negligence and the second for fraud. Mr. Freeman contends that consolidation of the two adversary proceedings would cause him to incur additional unnecessary legal fees and costs that would profoundly prejudice him. Mr. Freeman argues that if the validity of the transfers in the 38 Proceeding is upheld, then the claims in the 95 Proceeding against him disappear. He contends that it would be prejudicial for him to be a defendant in a proceeding with six defendants involving multiple transfers, with only the 2002 Franklin County land transfers relating to him. The court finds that the claims against Mr. Freeman are distinct, and it would be an extreme burden to require him to incur the costs of a potentially lengthy trial when he is only a minor player in this situation. The prejudice of Mr. Freeman's additional expense outweighs the efficiency of his participation as a defendant in the consolidated adversary proceedings.

      The other defendants are not opposed to the adversary proceedings being consolidated. Consolidation would not create a burden on them and would remove the possibility of inconsistent findings of common factual and legal issues between the two proceedings. Therefore based on the record, the court orders that adversary proceedings <u>Callaway v. Denise Sharon Hargrove, et al.</u> (06-00038-5-AP) and <u>Callaway v. Walter H. Hargrove, et al.</u> (06-00095-5-AP) be consolidated.

However, due to the burden consolidation would place on defendant Freeman, the court orders that the claims against defendant Freeman be severed from the consolidated adversary proceeding and stayed at this time.[1]

END OF DOCUMENT

---

[1] "Any claim against a party may be severed and proceeded with separately." Fed. R. Bankr. P. 7021.