**SO ORDERED.**

**SIGNED this 05 day of December, 2007.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

DENISE SHARON HARGROVE,

      Debtor.                                                          Case No. 05-04037-5-JRL

JOSEPH N. CALLAWAY, Chapter 7
Trustee for Denise Sharon Hargrove,

      Plaintiff,

  v.                                                                               Adversary Proceeding No.
                                                                 L-06-00038-5-AP

DENISE SHARON HARGROVE, BETTY
HARGROVE HILLIARD, and CHAVON
ANTOINETTE HILLIARD,

      Defendants.

_____

**ORDER**

This case came before the court on the trustee's Motion for Summary Judgment filed on August 30, 2007. On November 20, 2007, the court conducted a hearing on this matter in Raleigh, North Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. Prior to December 2004, the defendant-debtor, Denise Sharon Hargrove (Ms. Hargrove) obtained property under false pretenses from multiple insurance carriers in the amount of $723,730.73.

2. Ms. Hargrove filed a Chapter 13 bankruptcy petition on December 2, 2004, which was dismissed upon Ms. Hargrove's motion.

3. On December 9, 2004, Ms. Hargrove pleaded guilty to various charges brought against her in Wake County, North Carolina for obtaining property under false pretenses. She was subsequently incarcerated and ordered to pay restitution to the insurance companies in the aggregate amount of $723,730.73.

4. On September 20, 2005, an involuntary Chapter 7 bankruptcy petition was filed by various creditors of Ms. Hargrove in the Eastern District of North Carolina. The involuntary bankruptcy was authorized by the court on October 17, 2005.

5. Prior to either of the bankruptcy petitions, Ms. Hargrove used a power of attorney obtained from her uncle, Walter H. Hargrove, to transfer real property located in Franklin County, North Carolina. Ms. Hargrove used a portion of the Franklin County property as

security for loans she took out with State Employees' Credit Union (SECU) in the principal aggregate amount of $200,000.00

6. On May 14, 2004, Ms. Hargrove issued a power of attorney jointly providing powers of attorney to her late father, Johnny Hilliard, and her mother, Betty Hilliard. In July 2005, following the death of Johnny Hilliard, Ms. Hargrove issued a power of attorney jointly to her mother, Betty Hilliard, and her sister, Chavon Hilliard.

7. Both prior and subsequent to the filing of the involuntary Chapter 7 petition, Betty Hilliard transferred funds from Ms. Hargrove's Bank of America account and an annuity at The Hertford, acting under the issued power of attorney. Ms. Hargrove authorized the transfer of approximately $150,000.00 post-petition.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

The trustee contends that Ms. Hargrove should be denied a discharge under Chapter 7 of the Bankruptcy Code. First, the trustee asserts that Ms. Hargrove's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(B) because Ms. Hargrove transferred or concealed property of the estate with the intent to "hinder, delay, or defraud a creditor or officer of the estate" after the filing of the petition. Second, the trustee contends that Ms. Hargrove's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) because Ms. Hargrove "knowingly and fraudulently" made a false oath.

 A. <u>Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)</u>

Under the Federal Bankruptcy Code, a court shall grant a discharge unless "the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(B). Four elements must be proven for a court to deny a discharge pursuant to § 727(a)(2)(B): (1) that a transfer of property occurred, (2) belonging to the debtor, (3) after the date the petition was filed, (4) with the intent to hinder, delay, or defraud a creditor of the estate. <u>First Union Nat'l Bank v. Golob (In re Golob)</u>, 252 B.R. 69, 78 (Bankr. E.D. Va. 2000). A court may find that a transfer was done with the intent to hinder, delay, or defraud a creditor of the estate without a finding of actual fraud. <u>Id.</u>

In the instant case, it is undisputed that the first three elements are met. Acting under a power of attorney, Ms. Hargrove authorized Betty Hilliard to transfer funds from Ms. Hargrove's Bank of America account and The Hertford annuity after Ms. Hargrove's creditors placed her

4

into an involuntary Chapter 7 bankruptcy. The issue, therefore, is whether Ms. Hargrove authorized this transfer with the intent to hinder, delay, or defraud a creditor of the estate. The trustee asserts that Ms. Hargrove's actions show that she knowingly authorized the transfer of funds to help protect certain real properties that she did not consider to be property of the estate. At her deposition, Betty Hilliard testified that in November 2005, Ms. Hargrove authorized the withdrawal of funds from her Bank of America account and annuity account at The Hertford, including the withdrawal of $50,000.00 on October 18, 2005 and $100,000.00 on November 23, 2005. The trustee asserts that Ms. Hargrove knew that she had been placed into an involuntary bankruptcy at the time that she authorized the transfers. As proof of Ms. Hargrove's knowledge of the involuntary bankruptcy, the trustee cites an October 26, 2005 letter that Ms. Hargrove wrote to the trustee in which she acknowledged that an involuntary petition had been filed and that the plaintiff had been appointed as trustee. In addition, the trustee cites the November 17, 2005 Motion for Turnover, which was sent to Ms. Hargrove, as evidence that Ms. Hargrove knew of the bankruptcy at the time she authorized the $100,000.00 transfer less than one week later.

     The defendant does not dispute that she directed Betty Hilliard to transfer funds from her Bank of America account and The Hertford annuity account after being placed into an involuntary Chapter 7 bankruptcy. Rather, she asserts that she specifically instructed Betty Hilliard to use the funds in her Bank of America account to pay off her SECU loans, but that she does not know precisely what portion of the SECU loans were paid. This is insufficient to create a genuine issue of material fact as to whether Ms. Hargrove authorized the transfer of property with the intent to hinder, delay, or defraud her creditors. Therefore, viewing the record as a

whole in the light most favorable to the non-moving party, the court finds that the acts of Ms. Hargrove evidence that she had knowledge of the involuntary bankruptcy petition and that she transferred or concealed property with the intent to hinder, delay, or defraud her creditors. The court therefore grants summary judgment to the trustee and denies the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2).

      B.  Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A)

The trustee also argues that Ms. Hargrove's discharge should be denied because she "knowingly and fraudulently, or in connection with the case...makes a false oath or account . . . ." 11 U.S.C. § 727(a)(4)(A). For a discharge to be denied pursuant to this section, "the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with intent to defraud." Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 252 (4th Cir. 1987). The purpose of § 727(a)(4)(A) is to ensure that those interested in the administration of the estate have sufficient information without the need to investigate whether the information provided is true. Sheehan v. Stout (In re Stout), 2006 Bankr. LEXIS 1551, at *5 (N.D.W.V. July 27, 2006). Whether a debtor made a false oath is a question of fact. Williamson at 252. However, a court may find fraudulent intent by circumstantial evidence or by an inference of the requisite intent. Id. A "pattern of concealment and nondisclosure" permits an inference of the requisite intent for a denial of discharge pursuant to § 727(a)(4)(A). In re Ingle, 70 B.R. 979, 983 (E.D.N.C. 1987).

Here, the trustee has presented evidence that Ms. Hargrove made a false oath and has shown a pattern of concealment and nondisclosure by Ms. Hargrove that permits an inference of intent for a denial of discharge pursuant to § 727(a)(4)(A). Ms. Hargrove made a false oath by

failing to identify her annuity account with The Hertford in response to the trustee's interrogatories. Because Ms. Hargrove was incarcerated at the time she was placed into an involuntary Chapter 7, she did not file a Statement of Financial Affairs and the trustee issued interrogatories to Ms. Hargrove in order to clarify information relating to the bankruptcy case. The interrogatories specifically asked Ms. Hargrove to "identify all bank accounts held in [her] name, individually, or jointly with another party." In her answers to the interrogatories, Ms. Hargrove failed to identify the existence of The Hertford annuity account. However, it is clear from the record that Ms. Hargrove had knowledge of the annuity account at the time she responded to the trustee's interrogatories on January 25, 2006 because she authorized Betty Hilliard to transfer $50,000.00 from the annuity on October 18, 2005.

In addition, Ms. Hargrove made other false and misleading statements to the trustee regarding her financial affairs that evidence a pattern of concealment and nondisclosure. In her answers to interrogatories, Ms. Hargrove stated that the SECU loans and Bank of America funds were used to pay medical bills for her uncle, Walter Hargrove, and for other properties. However, at his deposition, Walter Hargrove testified that he never received any money from Ms. Hargrove for the payment of medical bills. Further, Ms. Hargrove stated in her answers to interrogatories that Walter Hargrove gave her a power of attorney to transfer property in Franklin County, North Carolina. However, at his deposition, Mr. Hargrove testified that he never authorized Ms. Hargrove to transfer the property. These statements and misrepresentations of Ms. Hargrove further evidence a pattern of concealment and nondisclosure by Ms. Hargrove to misinform the trustee regarding the bankruptcy estate.

Viewing the record as a whole in the light most favorable to the non-moving party, the

court finds that Ms. Hargrove had knowledge of her annuity with The Hertford at the time of she responded to the trustee's interrogatories, but failed to disclose the existence of or amount in the account. The court finds that the trustee has presented sufficient evidence of a pattern of concealment and nondisclosure to permit an inference of intent on the part of Ms. Hargrove to knowingly and fraudulently make a false oath in connection with the bankruptcy case. The court therefore grants summary judgment to the trustee and denies the debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## **CONCLUSION**

Based on the forgoing, the trustee's motion for summary judgment is ALLOWED. The debtor's Chapter 7 discharge is denied pursuant to 11 U.S.C. § 727(a)(2) and 11 U.S.C. § 727(a)(4)(A).

"END OF DOCUMENT"